UNITED STATES of America,
Plaintiff—Appellee,

v.

Kesavalu CHETTY, a/k/a Cassim
Mahomed, Defendant—
Appellant.

No. 03–50575.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 6, 2004.*

Decided Aug. 23, 2004.

Ronald L. Cheng, Esq., Jason Gonzalez,
AUSA, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA—
Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: NOONAN, CLIFTON, Circuit
Judges, and FOGEL,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

I

■ The district court did not abuse its discretion in deciding not to give Ninth Circuit Model Criminal Jury Instruction 4.10 (2000) or a variant in light of the district judge's instructions to consider witness interest in assessing credibility and cautiously view witness James White's testimony because of his guilty plea and role as an accomplice.

We have held that "there is no significant distinction between a cautionary instruction on the testimony of an accomplice and a cautionary instruction on one granted immunity." *United States v. Morgan,* 555 F.2d 238, 243 (9th Cir.1977). We have also held that the informant credibility instruction, the predecessor to Model Instruction 4.10, need not be used where the district court clearly, albeit generally, advised the jury to scrutinize the credibility of a witness receiving benefits. *United States v. Holmes,* 229 F.3d 782, 787–88 (9th Cir.2000). Chetty's case is different from cases where the district court refused to give either an instruction highlighting witness benefit or an accomplice instruction. *Cf. People v. Dela Rosa,* 644 F.2d 1257, 1260–61 (9th Cir.1981) (per curiam); *United States v. Bernard,* 625 F.2d 854, 858 (9th Cir.1980); *see also United States v. Patterson,* 648 F.2d 625, 631 (9th Cir. 1981) (following *Dela Rosa* ). In both *Dela Rosa* and *Bernard,* this court reversed where the district court refused requests to give an accomplice instruction or the predecessor to the witness benefit instruction, an informant instruction, with regard to the testimony of an important witness. *Dela Rosa,* 644 F.2d at 1260; *Bernard,* 625 F.2d at 858. Both *Dela Rosa* and *Bernard* cited *Morgan'*s rule that there is no signif-

icant difference between an accomplice and an informant instruction, however. *Dela Rosa,* 644 F.2d at 1260; *Bernard,* 625 F.2d at 858. *Morgan,* which remains good law, distinguished between a case where neither an accomplice nor an informant instruction was given and one where one of the two instructions was given. *Morgan,* 555 F.2d at 243.

"[O]nce the jury is on notice that a witness's testimony is inherently open to suspicion, the force of additional cautionary instructions is limited." *United States v. Burrows,* 36 F.3d 875, 880 (9th Cir.1994) (noting that an instruction cautioning jurors about the testimony of an addict would be unnecessary "if for no other reason that the jury was given other cautionary instructions"). The district court did much more than merely "tell the jury to assess the credibility of witnesses." *Cf. Patterson,* 648 F.2d at 631 n. 15 (mere instruction to assess the credibility of witnesses insufficient). The district court gave extensive instructions cautioning jurors regarding White's testimony, highlighted his guilty pleas, plea agreement, convictions and role as an accomplice, and generally instructed jurors to consider a witness's self-interest in testifying when assessing credibility.

II

The propriety of the district court's enhancement for loss amount not found by a jury beyond a reasonable doubt is reviewed for plain error because Chetty concedes he did not make an objection based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) below. *United States v. Ameline,* 376 F.3d 967, 977–78 (9th Cir.2004). This court may not correct forfeited error un-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

less it is plain, prejudicial and "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 979 (quoting *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

After *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), it is plain error under the Sixth Amendment to increase punishment beyond the maximum standard range based on facts not admitted by the defendant or found by a jury beyond a reasonable doubt, unless the right to jury trial is waived. *Ameline,* 376 F.3d at 977–78; *see also Blakely,* 124 S.Ct. at 2537–38 (2004). Though *Blakely* involved a state sentencing scheme, enhancements under the U.S. Sentencing Guidelines are also subject to the *Blakely* rule. *Ameline,* 376 F.3d at 977–78.

■ Under *Ameline,* Chetty's eight-level enhancement for loss found by the district judge by a preponderance of the evidence was plain error. *Id.* at 979. To warrant reversal, however, the error must have been prejudicial and have affected the fairness of the proceedings. *Id.* In *Ameline* we found prejudicial error where the district judge's enhancement was based on a factor premised on hearsay and contested by many of the defendants' witnesses and objected to by the defendant. *Id.* We thus ruled that "[i]t cannot be seriously disputed that the lower standard of proof affected the outcome" of the sentence. *Id.*

■ In Chetty's case, however, the indictment stated the portion of the bad check, $210,000, Chetty asked White to wire and Chetty testified to sending the wire instruction. Chetty only argued that the loss amount should be reduced by the $12,000 he had returned to the bank, making his enhancement a seven-level one rather than an eight-level one. If his en-

hancement was reduced by one level, as he asked, he would be at an offense level of 13 and a range of 12–18 months of imprisonment based on his offender category. U.S.S.G. ch.5, pt. A, at 272 (1995). The district judge sentenced him to 15 months of imprisonment followed by five months of supervised release. The term of imprisonment is within the range of the offense level Chetty sought. While in light of *Blakely* and *Ameline,* the district judge's enhancement based on his finding of loss amount was plain error, it was not prejudicial and does not warrant remand for resentencing.

AFFIRMED.